# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NOBLE SHEKHEM DAAWUUD EL AMEN RA BEY,**

    **Plaintiff,**

**-vs-**                    **Case No. 6:11-cv-1180-Orl-35DAB**

**ZURICH NORTH AMERICA, ET AL.,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**   August 19, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **dismissed.**

  Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees

if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark*, 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89,127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

>alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal*, – U.S. – ,129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

Applied here, even liberally construed, the Complaint does not meet any of the foregoing standards. As best the Court can tell, it appears that Plaintiff, who lists a North Carolina address, seeks to sue at least 14 Defendants, most of whom appear to be North Carolina citizens or entities and many of whom are not identified or mentioned in any meaningful way in the Complaint, for "wilfully, unlawfully, with criminal motives and criminal intent" plotting against him regarding "private settlement funds belonging to the plaintiff" (Doc. No. 1 at 1). In exhibits filed to the Complaint, it appears that Plaintiff is suing regarding a trust account related to an "insurance settlement" held in "Bank of Granite located in Charlotte North Carolina," set up by Attorney Kenneth L. Harris, who was "fired [by Plaintiff] for poor performance and not following direction given by Plaintiff concerning not to interfere with any other non related legal matters that he had pending." (Doc. No. 1-1). Plaintiff alleges that "a civil tort action was filed in 2006 and Action was held in Gastonia NC County Court," although the result of that litigation is not plead, and Plaintiff requests financial records of the trust account and all "trustee records" from the North Carolina Industrial Commission. Plaintiff has not made any showing that this action is within the limited jurisdiction of this federal court. Indeed, the Complaint is essentially incoherent.

Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e.,* "a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332; *Am. Ass'n of People With Disabilities v. Harris*, 605 F.3d 1124, 1133 (11th Cir. 2010) (*citing Alexander v. Sandoval*, 532 U.S. 275, 293 n.8 (2001)).  Here, although the Complaint cites to Title 42 U.S.C. § 1983, the limited allegations of the complaint fail to state any cognizable cause of action against any state actor, and, to the extent Plaintiff's claim is a misappropriation of funds from a trust account by his former attorney or bank, there is no showing that such a cause of action between private citizens is redressable under this section.  As Plaintiff provides a North Carolina residence as his address,[1] there also does not appear to be diversity to the extent the claim is pled against fellow North Carolinians.

Further, the Complaint fails to contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  To the extent the Complaint, liberally construed, alleges a state law action for misappropriation of funds (such as breach of contract or breach of fiduciary duty), Plaintiff fails to allege any factual basis for holding the vast majority of these Defendants liable for the misappropriation.[2]  Moreover, to the extent these allegations were raised in a state court action in North Carolina, they may not be re-litigated here.  Res judicata and collateral estoppel are

---

[1] Plaintiff asserts that, as a "Native American Moor," he is "not a United States Citizen." For present purposes, the Court notes that he lists only a North Carolina residence.

[2] To the extent the Complaint can be construed to set forth such a claim against Plaintiff's former attorney, such a claim is not cognizable here as both parties are citizens of North Carolina.

affirmative defenses which justify dismissal of a claim as frivolous. *Clark, supra,* 915 F.2d 636 at 641; *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.1989)[3] ("To this end, IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."). The Complaint is frivolous, as a matter of law.

As a final matter, the Court notes that in the Affidavit filed in support of the pauper motion, Plaintiff lists two bank accounts as assets: one, with Bank of Granite, in which he claims to have "over a million $;" and one, with Bank of America, in which he lists "over 100, million." Such wealth disqualifies Plaintiff from pauper status.

It is therefore **respectfully recommended** that the motion to proceed *in forma pauperis* be **denied** and the Complaint be **dismissed.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 23, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

[3] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir.1981) ( en banc ), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.